**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0090n.06
Filed: February 3, 2009

Nos. 08-1239, 08-1269

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TED BIRKHOLZ, Personal Representative of the Estate of Helen Alton; MARTHA PRIDEMORE; CINDY SCHWARTZKOPF, Personal Representative of the Estate of Jacob Schwartzkofp, | ) ) ) ) | |
| | ) | |
| and | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| LAWRENCE J. KAWECKI, a protected person; JOANNE MARLOWE, Conservator and Guardian and on behalf of a class individuals similarly situated, | ) ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | |
| NAOMI MIAL, | ) ) | |
| Defendant, | ) ) | |
| COUNTY OF MACOMB; MACOMB COUNTY DEPARTMENT OF SENIOR CITIZENS SERVICES; MARY NELSON-PULICE, | ) ) ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

**ROGERS, Circuit Judge.** Plaintiffs, representing the interests of several estates, appeal the

district court's grant of summary judgment in favor of defendants Macomb County, Macomb County

Department of Senior Citizen Services, Naomi Mial, and Mary Nelson-Pulice. Plaintiffs brought

this suit pursuant to 42 U.S.C. § 1983, claiming that defendants' misappropriation of funds from plaintiffs' estates amounted to a violation of their substantive due process rights under the Fourteenth Amendment. After reviewing the record, the parties' briefs, and the applicable law, and hearing oral argument, this court determines that no jurisprudential purpose would be served by a panel opinion and affirms the district court's decision for the reasons stated in part III.C of Judge Rosen's January 24, 2008, opinion and order. *See Kawecki ex rel. Marlowe v. County of Macomb*, Nos. 04-70907, 05-73498, 2008 WL 205241, at *23 (E.D. Mich. Jan. 24, 2008). Plaintiff cites no authority for the award of damages on a substantive due process theory for governmental action that neither threatens nor causes physical injury. In light of plaintiffs' failure to state a constitutional claim to support their § 1983 action, it is not necessary to address the district court's alternative holding that the plaintiffs' claims were barred by the collateral estoppel effect of the state probate court proceedings. The judgment of the district court is therefore affirmed.